## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

IN RE:
Jason Christopher Warren
502 Ashton Lane
Reno, TX 75462
SSN: XXX-XX-4381
Debtor

Case No. 20-41957 btr
Chapter: 13

### ORDER FOR DEBTOR TO SHOW CAUSE AS TO WHY
### CHAPTER 13 CASE SHOULD NOT BE DISMISSED FOR
### FAILURE TO FULFILL DIRECT PAYMENT OBLIGATIONS

ON THIS DATE the Court reviewed the docket in the above-referenced case in which a plan was confirmed. The Plan provides that the Debtor owes a direct payment obligation secured by real property that is the Debtor's principal residence and that plan compels the Debtor to make direct payments on that obligation in accordance with the pre-petition contract. The fulfillment of those payment obligations are being monitored by the Chapter 13 Trustee.

The Chapter 13 Trustee has notified the Court that a payment deficiency appears to exist. Any such payment deficiency on this direct payment obligation in the post-confirmation period constitutes a material default by the Debtor with respect to the confirmed plan and establishes cause to dismiss this case pursuant to 11 U.S.C. § 1307(c). Thus, to ensure the Debtor's faithful plan performance and because the fulfillment of those direct payment obligations are required in any event for the issuance of any discharge order, the Court finds that sufficient cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that a hearing will be conducted for the Debtor to appear telephonically and to demonstrate the current status of the direct payment obligation secured by the principal residence and otherwise to show cause as to why this case should not be dismissed for failure to tender all required payments on the direct payment obligations identified in the confirmed plan. If the Chapter 13 Trustee withdraws the notice of payment deficiency prior to the date and time of the hearing, the show cause hearing will not be held.

**Hearing is scheduled on: Wednesday, August 11, 2021** at **11:00 am**

**Parties are instructed to appear telephonically using the following call-in information:**
Dial In Number: 1-888-675-2535
Participant Code: 4225607
Security Code: 1437

(A) Parties may submit exhibits by attaching the proposed exhibits to that party's witness and exhibit list. The proposed exhibits shall be marked in accordance with the Court's Local Bankruptcy Rules as if they were being offered at an in-person hearing.

(B) Parties may present direct witness testimony by affidavit or declaration under penalty of perjury. Such affidavit or declaration shall be attached to, and filed with, the

witness and exhibit list. If there are no objections to the testimony, the party may proffer the testimony at the hearing. If there is an objection and an opposing party wishes to cross-examine the witness, (i) the party seeking cross-examination shall notify the party offering the witness and any other party-in-interest at least one day prior to the scheduled hearing, and (ii) the witness must be made available for cross-examination at the hearing.

Signed on 07/07/2021

_Brenda T. Rhoades_    SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE